*UNITED STATES DISTRICT COURT*
*DISTRICT OF MAINE*

*RAYMOND KANE,*                    )
                                  )
            *Plaintiff*           )
                                  )
*v.*                              )        *Civil No. 08-271-B-W*
                                  )
*MICHAEL J. ASTRUE,*              )
*Commissioner of Social Security,*  )
                                  )
            *Defendant*           )


*REPORT AND RECOMMENDED DECISION*[1]


This Social Security Disability ("SSD") appeal raises the question of whether substantial evidence supports the commissioner's determination that the plaintiff, who alleges that he is disabled by lumbosacral radiculopathy with numbness, tingling, and pain in the left lower extremity, and patellofemoral dysfunction, is capable of performing work existing in significant numbers in the national economy.  I recommend that the decision of the commissioner be affirmed.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. § 404.1520;[2] *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff had severe

---

[1] This action is properly brought under 42 U.S.C. § 405(g).  The commissioner has admitted that the plaintiff has exhausted his administrative remedies.  The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office.  Oral argument was held before me on March 20, 2009, pursuant to Local Rule 16.3(a)(2)(C), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

[2] The plaintiff's application for benefits was adjudicated pursuant to Part 405 of the commissioner's regulations, 20 C.F.R. §§ 405.1 to 405.725, which incorporates by reference certain regulations pertaining to Parts 404 (SSD benefits) and 416 (SSI benefits).  *See, e.g.,* 20 C.F.R. §§ 405.1, 405.10, 405.101, 405.310.  For ease of reference, I have cited directly to relevant incorporated regulations.

impairments of L5-S1 disc herniation and bilateral patellofemoral pain, although he had no impairment or combination of impairments that met or equaled the criteria of any impairment listed in Appendix 1 to Subpart P, 20 C.F.R. § 404 (the "Listings"), Findings 3-4, Record at 9-10; that he had the residual functional capacity ("RFC") to perform medium work as defined in 20 C.F.R. § 404.1567(c), except that he could occasionally balance, stoop, and climb ramps and stairs, could not kneel, crouch, crawl, or climb ladders, ropes, or scaffolds, could not work near hazards such as unprotected heights, and had to avoid working on uneven or sloping surfaces, Finding 5, *id.* at 10; that he was capable of performing past relevant work as a stores laborer, which did not require performance of work-related activities precluded by his RFC, Finding 6, *id.* at 12; and that he therefore was not disabled at any time from March 1, 2006, through the date of decision, Finding 7, *id.* at 13.[3]  The Decision Review Board declined to review the decision, *id.* at 1-3, making it the final determination of the commissioner, 20 C.F.R. § 405.450(a); *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence.  42 U.S.C. § 405(g); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996).  In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn.  *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 4 of the sequential process, at which stage the claimant bears the burden of proof of inability to return to past relevant work.  20 C.F.R. § 404.1520(f); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).  At this step, the commissioner

---

[3] The plaintiff met the insured-status requirements of the Social Security Act through December 31, 2008, *see* Finding 1, Record at 9, subsequent to the decision date of April 4, 2008, *see id.* at 13.

must make findings of the plaintiff's RFC and the physical and mental demands of past work and determine whether the plaintiff's RFC would permit performance of that work. 20 C.F.R. § 404.1520(f); Social Security Ruling 82-62, reprinted in *West's Social Security Reporting Service* Rulings 1975-1982 ("SSR 82-62"), at 813.

In addition, the plaintiff's statement of errors implicates another step in the sequential process: Step 3. At Step 3, a claimant bears the burden of proving that his or her impairment or combination of impairments meets or equals the Listings. 20 C.F.R. § 404.1520(d); *Dudley v. Secretary of Health & Human Servs.*, 816 F.2d 792, 793 (1st Cir. 1987). To meet a listing, the claimant's impairment(s) must satisfy all criteria of that listing, including required objective medical findings. 20 C.F.R. § 404.1525(c)(3). To equal a listing, the claimant's impairment(s) must be "at least equal in severity and duration to the criteria of any listed impairment." 20 C.F.R. § 404.1526(a).

The plaintiff complains that the administrative law judge erred in failing to accord controlling weight to the RFC opinion of treating source Susana Ortiz, M.D., a specialist in orthopedic rehabilitation, instead giving undue weight to the opinions of Disability Determination Services ("DDS") examining and non-examining consultants. *See* Statement of Errors (Docket No. 7) at 1-6.[4] I discern no error.

## I. Discussion

The commissioner's regulations provide, in relevant part:

> If we find that a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other

---

[4] At oral argument, the plaintiff's counsel noted that his client did not press a claim, made in his statement of errors, that the administrative law judge failed to recognize Dr. Ortiz as a treating source. *See* Statement of Errors at 4. He also clarified that he contends that the administrative law judge failed to accord controlling weight to Dr. Ortiz's RFC opinion. *See* Record at 187-90. Dr. Ortiz offered two other opinions, that the plaintiff was disabled, and that his condition equaled Listing 1.04(A). *See id.* at 161, 185-86.

substantial evidence in your case record, we will give it controlling weight.  When we do not give the treating source's opinion controlling weight, we apply the factors listed in paragraphs (d)(2)(i) and (d)(2)(ii) of this section, as well as the factors in paragraphs (d)(3) through (d)(6) of this section in determining the weight to give the opinion.  We will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion.

20 C.F.R. § 404.1527(d)(2).

The factors listed in paragraphs (d)(2)(i), (d)(2)(ii), and (d)(3) through (d)(6) are: (i) length of the treatment relationship and frequency of examination, (ii) nature and extent of the treatment relationship, (iii) supportability – *i.e.*, adequacy of explanation for the opinion, (iv) consistency with the record as a whole, (v) whether the treating source is offering an opinion on a medical issue related to his or her specialty, and (vi) other factors highlighted by the claimant or others.  *See* 20 C.F.R. § 404.1527(d)(2)-(6).

As counsel for the commissioner acknowledged at oral argument, the administrative law judge did not expressly discuss Dr. Ortiz's RFC opinion.  *See* Record at 10-13.  Nonetheless, a failure of articulation – while hardly to be emulated or encouraged – does not constitute reversible error when, as here, the court nonetheless readily can discern substantial support for the administrative law judge's findings in the record.  *See, e.g., Bryant ex rel. Bryant v. Apfel*, 141 F.3d 1249, 1252 (8th Cir. 1998) ("We have often held that [a]n arguable deficiency in opinion-writing technique is not a sufficient reason for setting aside an administrative finding where . . . the deficiency probably ha[s] no practical effect on the outcome of the case.") (citations and internal quotation marks omitted).

As the plaintiff's counsel noted at oral argument, Dr. Ortiz's three opinions dovetailed, with each supporting the overarching proposition that the plaintiff's functioning was too severely restricted to permit him to engage in gainful employment.  In progress notes dated January 16, 2008, and February 20, 2007, Dr. Ortiz expressed an opinion that the plaintiff was disabled from

4

gainful employment. *See id.* at 161, 192. She submitted her Listing 1.04(A) and RFC opinions, both dated January 16, 2008, in support of his application for SSD benefits. *See id.* at 185-90, 192. The administrative law judge considered and discussed Dr. Ortiz's disability and Listings opinions. *See* Record at 10-12. His rationale for rejecting them is equally applicable to her RFC opinion.

Dr. Ortiz submitted a form indicating that the plaintiff's condition equaled Listing 1.04(A), pertaining to spinal nerve root compression, as a result of a combination of his back and knee impairments. *See* Record at 185-86. To meet Listing 1.04(A), a claimant must show "[e]vidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness), accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine)[.]" Listing 1.04(A).

The administrative law judge considered this opinion and rejected it for good reasons: that a different treating source had indicated in a September 2007 progress note that the plaintiff was staying "quite active" and doing "a lot of hunting as well as just regular hiking[,]" a level of activity "clearly at odds" with a finding of disability, and that DDS examining consultant

Edward J. Harshman, M.D., denied that the objective findings indicated that the plaintiff was unemployable. *See* Record at 10, 151, 182.[5]

The administrative law judge considered Dr. Ortiz's opinion that the plaintiff was disabled from all work but, again, accorded it little weight for good reasons, noting: "The claimant's minimal treatment history, his lack of need for prescription pain medication, the activities he reported he engaged in, and the absence of clinical findings of serious functional compromise argue against a finding of disability." *Id.* at 12; *see also, e.g.*, *id.* at 19 (testimony of plaintiff that he was not on any pain medication), 138 (note of primary care treating source dated October 10, 2006, indicating that plaintiff had suffered a flare-up of his back pain but had improved since spring 2006, with no tenderness to palpation and a "pretty good" range of motion despite a positive straight-leg raise on his left side), 151 (conclusion of Dr. Harshman after examining plaintiff in April 2007 that he should probably lift no more than 50 pounds and not climb stairs or ladders, but other than that, was employable), 178 (note of Dr. Ortiz dated December 12, 2006, reporting that the plaintiff stated he enjoyed hunting and fishing), 182 (September 2007 note indicating plaintiff staying quite active and hunting and hiking), 191 (note of Dr. Ortiz dated January 16, 2008, indicating that the plaintiff had last been seen by her on February 20, 2007).

---

[5] The plaintiff protests that he offered an explanation for the progress note, testifying that he did not know why his treating source indicated that he had been hiking and that, while he did hunt, he did so in a modified and far less exertional fashion than he had prior to his back injury. *See* Statement of Errors at 5-6; Record at 21, 26-27. He adds that his testimony was consistent with his description of his hunting activity in a written report he completed in March 2007. *See* Statement of Errors at 6; Record at 106. However, the administrative law judge found the plaintiff's testimony concerning the intensity, persistence, and limiting effects of his symptoms not fully credible. See Record at 11-12. Evidently, he chose among other things not to credit the plaintiff's explanation that he did not hike and that his hunting was accomplished in a modified fashion. *See id.* at 11. I discern no basis on which to disturb that credibility finding. *See Frustaglia v. Secretary of Health & Human Servs.,* 829 F.2d 192, 195 (1st Cir. 1987) ("The credibility determination by the ALJ, who observed the claimant, evaluated his demeanor, and considered how that testimony fit in with the rest of the evidence, is entitled to deference, especially when supported by specific findings.").

In sum, the administrative law judge supportably found Dr. Ortiz's Listings and disability opinions, and by implication her RFC opinion, inconsistent with other substantial evidence of record.  He accordingly did not err in failing to accord any of those opinions, including that pertaining to RFC, controlling weight.  *See, e.g.*, 20 C.F.R. § 404.1527(d)(2).[6]

## II.  Conclusion

For the foregoing reasons, I recommend that the decision of the commissioner be **AFFIRMED**.

## *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within ten (10) days after being served with a copy thereof.  A responsive memorandum shall be filed within ten (10) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 31st day of March, 2009.

/s/  John H. Rich III
John H. Rich III
United States Magistrate Judge

---

[6] Beyond this, and although the point was not invoked by counsel for the commissioner, determinations regarding RFC, like disability and Listings determinations, are reserved to the commissioner.  *See, e.g.*, 20 C.F.R. § 404.1527(e)(1)-(2).  While treating source opinions on those subjects are entitled to consideration, they are never entitled to controlling weight.  *See, e.g.*, Social Security Ruling 96-5p, reprinted in *West's Social Security Reporting Service* Rulings 1983-1991 (Supp. 2008) ("SSR 96-5p"), at 122.